## Whitby v. Fayette County

*Lawrence D. McDaniel*, for plaintiff.
*John R. Hoye*, for county commissioners.
*Thomas P. Ruane, Jr.*, for county controller.

CARR, P. J., May 9, 1957.—This is a case stated for the judgment of the court in the nature of a special verdict. The question involved is whether payment of the costs accruing to an alderman and constable in criminal prosecutions returned to our courts may lawfully be withheld by the county until the cases have been finally disposed of. The submission is as follows:

"1. At all times hereinafter mentioned the plaintiff, William F. Whitby, has been duly elected and qualified Alderman of the Second Ward of the City of Uniontown, in this county, and the plaintiff, V. R. Stump, a duly elected and qualified constable of said city.

"2. The defendant, the County of Fayette, is a municipal subdivision of the Commonwealth of Pennsylvania, of which William J. Graham, Emerson Work, and J. Lewis Williams are the duly elected and qualified Commissioners, and William A. Reed the duly elected and qualified Controller.

"3. In each of the cases listed below the plaintiff alderman duly returned and filed in the Court of Quarter Sessions or the Court of Oyer and Terminer of the County, to the number and term as shown, a transcript of the hearing before him on which the costs of prosecution payable to him and to the plaintiff constable for services rendered by them respectively were duly endorsed, as provided by law, viz.:

Com. v. Edward Jackson, No. 11/55 September Term, 1953, Costs, $28.30;

Com. v. Steve Buncic, Sr. & Steve Buncic, Jr., No. 117 December Sessions, 1955, Costs, $32.15;

Com. v. Floyd E. Bloomfield, No. 103 June Sessions, 1953, Costs, $22.80;

Com. v. Vernon Costello, No. 110 September Sessions, 1952, Costs, $10.90;

Com. v. Oliver Brown, Jr., No. 38 June Sessions, 1951, Costs, $14.50.

Com. v. Theodore Baroni, No. 88 March Sessions, 1951, Costs, $24.35;

Com. v. Harry Smith, No. 123 December Sessions, 1950, Costs, $42.20;

Com. v. Ruth L. Johnston, No. 146 September Sessions, 1940, Costs, $36.70;

Com. v. George and Frank Beatty, No. 13/180 September Term, 1938, Costs, $36.95;

Com. v. Martin Degnan, No. 13/72 December Term, 1946, Costs, $13.20;

Com. v. Andrew Wargo, No. 46 September Term, 1956, Costs, $16.50.

"4. Although frequent demand has been made therefor, no part of the costs shown on said transcripts as listed in Paragraph 3 hereof have been paid by the defendant to the plaintiffs or either of them.

"5. None of the cases listed in Paragraph 3 hereof has been prosecuted to judgment or the prosecution thereof terminated in any manner, but all remain untried and undisposed of and the person or persons ultimately liable for the payment of the costs undetermined, for which reason alone payment by the defendant to the plaintiffs has been deferred and withheld.

"6. The plaintiffs are advised and believe that, by the terms of the Act of August 26, 1953, P. L. 1451, 19 PS §1297, amending the Act of May 19, 1887, P. L.

138, the said costs are in each case due and payable to them forthwith, more than thirty days having elapsed since the end of the calendar month in which the transcripts were filed.

"7. If the Court is of the opinion that the plaintiffs are now entitled to the payment of said costs by the County, then judgment shall be entered therefor in favor of the plaintiffs and against the defendant; but if the Court is of the opinion that the plaintiffs are not now entitled to the payment thereof, the case here stated shall be dismissed, without prejudice.

"8. Each party reserves the right of appeal."

### Discussion

The Act of May 11, 1874, P. L. 132, sec. 1, as amended by the Acts of July 19, 1951, P. L. 1054, and August 26, 1953, P. L. 1452, relating to felonies, and the Act of May 19, 1887, P. L. 138, sec. 3, as amended by the Acts of July 19, 1951, P. L. 1053, and August 26, 1953, P. L. 1451, relating to misdemeanors, both expressly provide that all costs payable by the county to any alderman or justice of the peace shall be due and payable to the alderman or justice within 30 days of the end of the calendar month in which transcripts were filed.

The county does not dispute the correctness of any of the items of costs here sued for, all being the ordinary costs of prosecution shown in detail on the transcripts. The only question raised is whether, under the terms of the original acts of 1874 and 1887, liability is imposed upon the county before the prosecution has been terminated by the return of an ignoramus by the grand jury or by the verdict of a petit jury and the sentence of the court thereon. But this is the very question that the amendments were intended to set at rest. The language of the amendments is clear and explicit. The obvious purpose of the legislature was to

avoid hardships imposed upon aldermen and justices by delays in prosecutions, sometimes extending over many months or even years. It is apparent, moreover, that under the original Acts of 1874 and 1887 the county was to be ultimately liable in any event, and consequently, there was never any good reason for withholding the fees of aldermen and justices for their essential services. The legislature has now seen fit to remedy the injustice of said practice. As we have previously had occasion to point out, an alderman or justice is a preliminary judge upon whose faithful execution of the duties of his office the peace and good order of the community in large measure depend. It is therefore in the public interest that his lawful costs, including those of his constable, should be promptly paid. We may add that it is the duty of the commissioners to supervise the collection of the costs when persons are liable over to the county.

We conclude that plaintiffs are entitled to the immediate payment of the costs shown on the transcripts of the cases listed on the statement of facts.

### Order Nisi

And now, May 9, 1957, upon consideration of the foregoing case, it is ordered, adjudged and decreed as follows:

1. That judgment be entered in favor of plaintiffs and against defendant for the aggregate amount of the costs shown on the filed transcripts of plaintiff alderman of the cases listed in the third statement of fact set forth in the adjudication.

2. That defendant pay the costs of this proceeding.

The prothonotary is directed to enter this order nisi and to give notice forthwith of its entry to the parties or their counsel of record, and if no exceptions are filed within 10 days, to enter it as the final order as of course.